**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ORLANDO PEAY,

       Petitioner,

v.                              CASE NO. 2:18-CV-12452
                              HONORABLE DENISE PAGE HOOD
                              CHIEF UNITED STATES DISTRICT JUDGE

LES PARISH,

       Respondent.
_____/

## OPINION AND ORDER TRANSFERRING CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Orlando Peay, ("petitioner"), confined at the Oaks Correctional Facility in Manistee, Michigan, filed a "Request for Federal Review," in which he challenges his 2000 conviction out of the Wayne County Circuit Court for first-degree premeditated murder and felony-firearm. This Court construes this action as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. [1] The present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3) and

---

[1] 28 U.S.C. § 2254 is "the exclusive vehicle" for prisoners who are in custody pursuant to a state court judgment who wish to challenge anything affecting the legality of that custody. See *Greene v. Tennessee Dep't of Corr.*, 265 F. 3d 369, 371 (6th Cir. 2001). Because petitioner is requesting immediate release from his conviction, his case should be construed as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. *See e.g. Simpson v. Caruso,* 355 F. App'x. 927, 930 (6th Cir. 2009).

1

will be transferred to the Court of Appeals so that petitioner may seek permission to file a second habeas petition.

## I. BACKGROUND

Petitioner previously filed a petition for a writ of habeas corpus challenging these convictions, which was denied on the merits. *Peay v. Lafler,* U.S.D.C. No. 07-11003, 2008 WL 2832182 (E.D. Mich. July 21, 2008); *app. dism.* No. 08-2188 (6th Cir. May 6, 2009).

The Sixth Circuit subsequently denied petitioner permission to file a successive habeas petition. *In Re Peay,* No. 14-1881 (6th Cir. Jan. 21, 2015).

In his current petition, petitioner alleges that his conviction should be overturned because of perjured testimony, the falsification of records including police reports and the death certificate, and that the state trial court lacked subject matter jurisdiction over his case after his first jury was unable to reach a verdict.

## II. DISCUSSION

Petitioner already filed a prior petition for a writ of habeas corpus challenging his 2000 conviction for first-degree murder and felony-firearm.

An individual seeking to file a second or successive habeas petition

must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3)

3

permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

Petitioner previously filed a habeas petition with the federal courts challenging his 2000 convictions, which was denied on the merits. Petitioner cannot proceed with the issues raised in the present petition without first obtaining permission to file a second or successive habeas petition from the court of appeals.

Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009). Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer

4

it to the Sixth Circuit, because such a timeliness inquiry would be premature prior to any determination by the Sixth Circuit whether petitioner should be given authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition. *See In Re McDonald*, 514 F. 3d 539, 543-44 (6th Cir. 2008).

### III.  CONCLUSION

**IT IS ORDERED** that the Clerk of the Court transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**SO ORDERED.**

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  August 30, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 30, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

5